### James C. Lawrence v. James H. McGuire.

Exclusion of Evidence, *no Error.* On April 7, 1876, James H. McGuire purchased of James C. Lawrence one hundred bushels of corn, to be subsequently delivered on demand, for which corn McGuire paid Lawrence at the time $20, the full price thereof, and Lawrence gave to McGuire the following instrument in writing, to wit: "Osborne City, April 7, 1876. Due James H. McGuire one hundred bushels corn, to be delivered at my house in Corinth, Ks., on demand.—J. C. Lawrence." Afterward, but at different times and in different amounts, Lawrence delivered to McGuire in the aggregate $93\frac{11}{14}$ bushels of said corn, and afterward failed and refused to deliver the remainder, to wit, $6\frac{3}{14}$ bushels. On the trial the court refused to permit Lawrence to prove that he and McGuire had an understanding in November, 1876, as to the time when McGuire would go for the corn. But as there was no claim made that the parties ever, upon any sufficient consideration, made any contract different from the one made on April 7, 1876, and as Lawrence, after November, 1876, refused, absolutely and unconditionally, to deliver said $6\frac{3}{14}$ bushels of corn, the court did not err in refusing to permit Lawrence to introduce said evidence.

*Error from Osborne District Court.*

AT the September Term, 1877, of the district court, *McGuire* had judgment against *Lawrence* for $1.20, and costs. New trial denied, and *Lawrence* brings the case here for review.

*A. Saxey,* for plaintiff in error. ·

*C. Reasoner,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The judgment sought to be reversed in this case is for just $1.20, besides costs, and was rendered on a claim for damages for the failure to deliver just $6\frac{3}{14}$ bushels of corn. James H. McGuire was the plaintiff below and James C. Lawrence was the defendant below. The judgment was rendered in favor of the plaintiff and against the defendant, on the following instrument in writing, to wit:

"OSBORNE CITY, April 7, 1876.
"Due James H. McGuire one hundred bushels corn, to be delivered at my house in Corinth, Kansas, on demand.
"J. C. LAWRENCE."

The one hundred bushels of corn was all paid for at the time this contract was made, the amount of the purchase money being $20. Afterward, but at different times and in different amounts, the defendant delivered to the plaintiff in the aggregate $93\frac{11}{14}$ bushels of said corn, and thereafter failed and refused to deliver the remainder. At the last time, however, at which the plaintiff received corn on the contract, the defendant requested the plaintiff to take all the corn that the defendant owed him, but the plaintiff did not and could not do so, on account of an insufficiency in his means of transportation. Afterward the defendant refused to deliver to the plaintiff the remainder of the corn, and the plaintiff then commenced this action for the resulting damages. The action was commenced before a justice of the peace. In the justice's court the defendant offered to allow judgment to be

rendered against him for $1.25, but the offer was not in writing, and it was upon the condition that the plaintiff should pay all costs. The plaintiff of course refused to accept the offer. (Justice's Code, §117, Gen. Stat. 799.) And it appears from defendant's (plaintiff in error) counsel's brief that said offer was afterward withdrawn. Afterward the case was tried in the district court before the court and a jury, in which court the verdict and judgment were rendered in favor of the plaintiff and against the defendant for $1.20. The jury found a general verdict, and also made special findings. The defendant seems to be dissatisfied with the judgment, and now, as plaintiff in error, brings the case to this court for review.

There is nothing in this case to commend it to more than the ordinary attention, diligence and toil usually bestowed upon cases by appellate courts. Substantial justice was done in the court below, and no material error was committed. Besides, no great interests are involved in the case, no great question of either law or of fact is presented by the record, nor is this one of a class of cases involving the same question or questions, all of which might be determined by a single adjudication. It is in fact a single, isolated and diminutive contest over only a few cents. It is a trifling case, in whatever aspect we may view it. And even counsel for plaintiff in error must also think that it is a trifling case, for he has failed to refer us to the pages of the record of the proceedings of the court below, as required by rule 2 of the supreme court rules. (13 Kas. 5; second page of the cover of the printed docket, sent to counsel for the last three terms of this court.)

It is claimed that the court below erred in refusing to permit the defendant below to answer the following question, to wit: "State if at the time above mentioned (November) you and plaintiff had an understanding as to the time plaintiff would come for corn, and if so, what was it?" The word "November" was not in the original question, but as the counsel for plaintiff in error has inserted it in his brief, we suppose that November was the time intended. But what-

ever time was intended is immaterial, for there is no claim
that the parties ever, upon any sufficient consideration, made
any contract different from the one made April 7th, 1876.
But suppose that the plaintiff and defendant did agree, in
November, upon some particular time for the delivery of the
corn, still the defendant afterward refused absolutely and
unconditionally to deliver said $6\frac{3}{14}$ bushels of the corn.

We shall not discuss in detail the other questions raised
by plaintiff in error, but will merely say that we think his
points under the facts of this case are all untenable.

The judgment of the court below will be affirmed.

All the Justices concurring.